IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-66,193-01;-02






EX PARTE MICHAEL JAMES WILLIAMS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 94311-A AND 94309-A IN THE CRIMINAL DISTRICT COURT


FROM JEFFERSON COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of
possession of a controlled substance and sentenced to two (2) years' imprisonment. 

 Applicant contends that he was arrested on a parole revocation warrant in January 2006 but
has not been given a preliminary hearing. He also alleges that his sentences were set to discharge
on July 15, 2006. 

 The trial court has entered findings of fact and conclusions of law recommending that relief
be denied. The trial court recommended denying relief because Applicant remains on pre-revocation
status and is being held pursuant to Tex Gov't Code, § 508.254. However, the trial court did not
consider whether Applicant was given a preliminary hearing to determine that probable cause or
reasonable grounds existed which showed that he violated the conditions of his parole. Tex. Gov't
Code, § 508.2811. In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for
findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant has been given a
preliminary hearing and, if not, why he has not been given such a hearing. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed January 24, 2007

Do not publish